GEORGE H. KIMBALL, Plaintiff, *v.* THE CITY OF BUFFALO,
Defendant.

(Supreme Court, Erie Special Term, February, 1914.)

City of Buffalo — power of grade crossing commission to employ engineers, etc.— Laws of 1911, chap. 358, § 3.

Under section 3 of chapter 358 of the Laws of 1911, which provides that the grade crossing commission of the city of Buffalo " shall have power to employ engineers, an attorney and stenographer and to fix their compensation," said commission may employ an engineer in addition to its regular staff.

ACTION for services. Demurrer by defendant to plaintiff's complaint.

DeWitt Clinton, for plaintiff.

William S. Rann, corporation counsel, for defendant.

POUND, J. The grade crossing commission of the city of Buffalo employed plaintiff to prepare certain maps and plans for which he charged the sum of $1,325.15. The voucher therefor was certified as reasonable by the commission, was submitted to the city auditor who transmitted it to the common council without audit. Thereafter the committee on finance of the board of aldermen to whom it was referred jointly with the corporation counsel reported that the right of the commission to employ consulting engineers in addition to its regular force was not clear and further reported in favor of denying the claim which was done. The plaintiff then began this action against the city by the service of the complaint to which a demurrer was interposed.

The point raised upon the demurrer is whether or not the grade crossing commission is authorized to employ an engineer in addition to its regular staff.

Chapter 358 of the Laws of 1911 provides for the employment of engineers and the payment of their compensation as follows:

" Sec. 3. &ast; &ast; &ast; They [the commission] shall have power to employ engineers, an attorney and stenographer, and to fix their compensation. &ast; &ast; &ast;

" Sec. 13. The expense of the commission, the cost of the surveys and plans made by their order, and the compensation of the engineers, attorney and stenographer employed by them shall be paid by the city.

" Sec. 14. The city may borrow money from time to time to pay all moneys which it may become liable to pay under the provisions of this act, including its share of the expense of doing the work necessary to carry out the plans of the commissioners, to pay awards made against it for taking lands or for injury to lands under this act, and for paying awards for damages to property including the costs and expenses of ascertaining the same, for the salary of the secretary of the commissioners, the compensation of engineers and attorney employed by them and the expenses of the commission, the mayor and comptroller of the city may issue its bonds for this purpose in such amounts and payable at such times and bearing such rate of interest as the common council may from time to time determine."

The defendant contends that the statute should be so construed that the grade crossing commission may employ a chief engineer and a permanent corps of engineers with fixed salaries, but may not employ special engineers for temporary work.

The statute does not in terms prohibit the tempo-

rary employment of engineers by the commission when, in its discretion, the need of such service seems important and urgent, and I am unable to read any limitation of power in this regard. The commission may employ *an* attorney and *a* stenographer, but it may employ *engineers* and fix their compensation. The act places no limit upon the number of such engineers nor the permanency of their employment. A wide latitude is given to the commission in the exercise of its discretion. The presumption is that it exercises such discretion wisely. If the statute is too broad the remedy is not with the common council nor with the courts, but with the legislature.

Judgment for plaintiff.